UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

FORESHA SHIRLEY,

                              Plaintiff,

      -against-

CITY OF NEW YORK, DANIEL LOPERENA, Individually,
and JOHN and JANE DOE 1 through 10, Individually
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                              Defendants.

----------------------------------------------------------------X

**CV12-1736**

**COMPLAINT**

Docket No.

Jury Trial Demanded

WEINSTEIN, J

POHORELSKY, M.J.

Plaintiff FORESHA SHIRLEY, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff FORESHA SHIRLEY is a twenty-six year old African American woman who resides in Brooklyn, New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants, DANIEL LOPERENA and JOHN and JANE DOE 1 through 10 were duly sworn officers of said department and were acting under the supervision of said department and according the their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On September 6, 2010, at approximately 8:30 p.m., plaintiff FORESHA SHIRLEY was a lawful pedestrian near 399 Utica Avenue, Brooklyn, New York.

13. Plaintiff observed an acquaintance being arrested and said to a companion she was walking with, in sum and substance, "why is he getting arrested?" "What did he do?"

14. A female defendant officer involved in making the arrest, then turned towards plaintiff and her companion and said in sum and substance, "you're next."

15. Upon learning what the female defendant officer said, plaintiff responded, in sum and substance, "we didn't do anything."

16. A male defendant officer then approached plaintiff and ordered plaintiff to put her hands behind her back and placed handcuffs on her wrists.

17. The male defendant officer handcuffed plaintiff with over tight handcuffs, causing plaintiff pain and discomfort.

18. The defendant officers arrested plaintiff due to discrimination against plaintiff on account of her race and in retaliation for her lawful statements.

19. The defendant officers imprisoned plaintiff in a police vehicle and transported her to the 71st police precinct stationhouse and imprisoned her therein.

20. The defendants imprisoned plaintiff until her arraignment on September 8, 2010, at approximately 12:00 p.m., in Kings County Criminal Court on false charges filed against claimant under Docket No. 2010KN071397 based on the false statements of defendant LOPERENA.

21. The defendants initiated said prosecution with malice and for the purpose of

3

obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned false arrest of plaintiff.

22. On November 8, 2010, the criminal charges were adjourned in contemplation of dismissal and subsequently dismissed and sealed in Kings County Criminal Court.

23. Defendant John or Jane Doe 1 supervised defendants LOPERENA and JOHN and JANE DOE 2 through 10 and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

24. Defendants LOPERENA and JOHN and JANE DOE 1 through 10 either participated in and/or failed to intervene in the illegal conduct described herein.

25. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiff on account of her race.

26. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, falsely stop, detain and arrest individuals in retaliation for said individuals exercise of their right to free speech, and that they otherwise engage in falsification.

27. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

28. Moreover, upon information and belief, defendant CITY OF NEW YORK was

4

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

29. As a result of the foregoing, plaintiff FORESHA SHIRLEY sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of her liberty and constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff FORESHA SHIRLEY, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. As a result of the foregoing, plaintiff FORESHA SHIRLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants arrested plaintiff FORESHA SHIRLEY without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

39. Defendants caused plaintiff FORESHA SHIRLEY to be falsely arrested and unlawfully imprisoned.

40. As a result of the foregoing, plaintiff FORESHA SHIRLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants maliciously issued criminal process against plaintiff FORESHA SHIRLEY, causing her to appear in Kings County Criminal Court.

43. Defendants caused plaintiff FORESHA SHIRLEY to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal conduct.

44. As a result of the foregoing, plaintiff FORESHA SHIRLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. The acts of the defendants were in retaliation for plaintiff's exercise of her First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

47. As a result of the aforementioned conduct of defendants, plaintiff was subjected to retaliation for the exercise of her First Amendment rights.

48. As a result of the foregoing, plaintiff FORESHA SHIRLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants had an affirmative duty to intervene on behalf of plaintiff FORESHA SHIRLEY, whose constitutional rights were being violated in their presence by other officers.

51. The defendants failed to intervene to prevent the unlawful conduct described herein.

52. As a result of the foregoing, plaintiff FORESHA SHIRLEY was falsely arrested and maliciously issued criminal process, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

53. As a result of the foregoing, plaintiff FORESHA SHIRLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

56. As a result of the foregoing, plaintiff FORESHA SHIRLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The defendants seized plaintiff FORESHA SHIRLEY, and, detained, arrested, and searched plaintiff because of her national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

59. As a result of the foregoing, plaintiff FORESHA SHIRLEY was deprived of her rights under the Equal Protection Clause of the United States Constitution.

60. As a result of the foregoing, plaintiff FORESHA SHIRLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, retaliating against

9

individuals for exercising their right to free speech, a custom or practice of falsification, of failure to intervene, and of detaining and arresting individuals based on their race. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff FORESHA SHIRLEY'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff FORESHA SHIRLEY.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff FORESHA SHIRLEY as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff FORESHA SHIRLEY as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff FORESHA SHIRLEY was falsely arrested and maliciously issued criminal process.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff FORESHA SHIRLEY'S constitutional

rights.

69. All of the foregoing acts by defendants deprived plaintiff FORESHA SHIRLEY of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from retaliation for the exercise of her right to First Amendment rights;

    C. To be free from false arrest/unlawful imprisonment;

    D. To be free from malicious abuse of process;

    E. To receive equal protection under law; and

    F. To be free from the failure to intervene.

70. As a result of the foregoing, plaintiff FORESHA SHIRLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff FORESHA SHIRLEY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individually named defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 9, 2012

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff FORESHA SHIRLEY